UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BROOKE ROLLINS, <br> Secretary of Agriculture, et al., <br><br> Defendants. | Civil Action No. 25-0461 (ACR) |

## DEFENDANTS' REQUEST FOR PRE-MOTION CONFERENCE

Defendants respectfully request that the Court schedule a pre-motion conference on the Department's anticipated motion to dismiss pursuant to Federal Rules of Civil Procedure (the "Rules") 12(b)(1) and 12(b)(6). *See* Standing Order (ECF No. 13) ¶ 7(f).[1]

This is round two of an action challenging the Department of Agriculture's (the "Department") approval of certain poultry-product label applications on the grounds that the graphic imagery on those labels is, in Plaintiffs' view, misleading. Plaintiff the Animal Legal Defense Fund's (the "Fund") previously brought a substantially identical case, which the district court dismissed. *Animal Legal Def. Fund v. Vilsack*, 640 F. Supp. 3d 134, 151-52 (D.D.C. 2022). The D.C. Circuit affirmed in a published decision. *Animal Legal Def. Fund v. Vilsack*, 111 F.4th

---

[1] Defendants understand that filing this pre-motion notice consistent with the Court's Standing Order will prompt the Court to schedule a pre-motion conference and establish a briefing schedule for any motion resulting from this filing. As such, Defendants understand that the date for them to file the motion to dismiss under Federal Rule of Civil Procedure 12(b) discussed herein will be set by further order of the Court, that the filing of this Notice triggers the timing provisions of Rule 12(a)(4) such that Defendants' time to file a responsive pleading has been extended, and that Defendants have preserved the defenses identified in this Notice for purposes of Rule 12(b). If Defendants' understanding is incorrect, Defendants respectfully move to stay their initial response deadline pending further order of the Court to allow for the Standing Order's pre-motion procedures to conclude.

1219, 1231 (D.C. Cir. 2024) ("*ALDF I*"). Plaintiffs here (the Fund and two alleged members) bring essentially the same claim. But Plaintiffs still cannot establish standing under *ALDF I*. And even if they did, their sole claim of an alleged pattern-and-practice should be dismissed as a matter of law.

The Fund "is a national animal advocacy non-profit." Compl. (ECF No. 1) ¶ 15. Plaintiffs Lisa Dowell and Christina Manos-Bocek are individual Fund members who previously purchased Perdue Fresh Line chicken products. *Id*. ¶¶ 37, 48.[2] Both relied on the allegedly misleading labels to purchase meat raised in more humane conditions. *Id*. ¶¶ 41, 53. Both were upset when they discovered that the chickens in fact lived inside. *Id*. ¶¶ 42, 54. Both allege that they do not trust the labels to accurately depict the animal raising conditions on any products. *Id*. ¶¶ 46, 55.

First, the Court lacks subject-matter jurisdiction because the Plaintiffs lack standing. Plaintiffs Dowell and Manos-Bocek cannot establish standing because their alleged injury is that they do not trust the labels to accurately depict the animal raising conditions on any products. *Id*. ¶¶ 46, 55. But *ALDF I* squarely forecloses their claim. *See ALDF I*, 111 F.4th at 1228-29. The D.C. Circuit rejected the Fund's prior challenge to the Department's approval of Perdue labels, noting, "[the Fund] fail[ed] to show that the harm [was] ongoing or substantially likely to recur." *Id*. at 1226. The D.C. Circuit reasoned that "the entire premise of the complaint is that [the member] now knows that Fresh Line chicken, regardless of the imagery on the label, is raised indoors." *Id*. So too here, Dowell and Manos-Bocek allege that they do not trust the labels on Perdue poultry products. Compl. (ECF No. 1) ¶¶ 46, 55. But they do not "explain why it is substantially likely that [they] will continue to purchase Fresh Line chicken—and rely on the

---

[2] Plaintiffs also assert that there are other poultry products sold that include images of chicken and turkeys on grass or barns with access to pasture. *Id*. ¶ 127-38. Plaintiffs do not, however, allege that they have purchased or contemplate purchasing those products.

label's graphics when doing so—now that [they] know[] that the chickens were raised in a way that" contradicts their beliefs. *See ALDF I*, 111 F.4th at 1228. Indeed, both Dowell and Manos-Bocek know that the label images do not depict the living conditions of the chickens and turkeys. Compl. (ECF No. 1) ¶¶ 44, 54. As such, Dowell and Manos-Bocek cannot show that they "will suffer non-self-imposed future harm due to [the Department's] approval of Fresh Line labels" by "rel[ying] on labels [they] know[] to have been misleading." *ALDF I*, 111 F.4th at 1228-29.

To the extent Dowell and Manos-Bocek seek to establish standing by pointing to their disappointment at the revelation that the labels were inaccurate, that does not constitute a sufficient "concrete" injury. *See Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015) Further, even assuming that Dowell and Manos-Bocek's purported injuries could be deemed concrete, those supposed injuries occurred in the past. As alleged, Dowell and Manos-Bocek now know "this imagery makes the poultry product labels false or misleading." Compl. (ECF No. 1) ¶¶ 46, 55. "[W]here, as here, a plaintiff seeks prospective declaratory or injunctive relief, allegations of past harms are insufficient" to demonstrate standing. *E.g.*, *Harrigan v. Yang*, 168 F. Supp. 3d 25, 32 (D.D.C. 2016); *see Aref v. Lynch*, 833 F.3d 242, 265 n.17 (D.C. Cir. 2016) ("Injunctive relief is commonly moot by the time a case is heard and cannot provide relief for past harms."). Rather, to seek prospective relief, "a plaintiff must show that [s]he is suffering a continuing injury or that [s]he is under a real and immediate threat of being injured in the future." *Silver v. IRS*, 531 F. Supp. 3d 346, 360 (D.D.C. 2021), *aff'd*, 2022 WL 17420308, at *1-2 (D.C. Cir. Dec. 6, 2022).

Likewise, Dowell nor Manos-Bocek can show no continuing injury or future injury relating to Perdue's Fresh Line chicken labels, thus precluding them from seeking prospective relief. And even if Dowell or Manos-Bocek could still be injured by the Perdue Fresh Line labeling, any

decision to continue purchasing Perdue Fresh Line chicken products in light of their beliefs that the labeling is false would constitute a self-inflicted injury, and the D.C. Circuit "ha[s] consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing." *Nat'l Family Planning & Reprod. Health Ass'n v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006). The D.C. Circuit so held in these exact circumstances. *ALDF I*, 111 F.4th at 1228-29.[3]

Second, Plaintiffs' sole pattern-or-practice claim fails on the merits. The Administrative Procedure Act affords review only of agency actions that are both discrete and final. Plaintiffs' pattern-and-practice claim does not challenge a discrete action; instead, it challenges a supposed policy that is anything but discrete, and calls for the Court to exercise the sort of broad, forbidden review of agency operations. *See*, *e.g.*, *Del Monte Fresh Produce N.A., Inc. v. United States*, 706 F. Supp. 2d 116, 119 (D.D.C. 2010).

Nor can the alleged pattern and practice be characterized as a final agency action. The supposed pattern and practice does not, in and of itself, determine rights and obligations, and no legal consequences flow from it. Rather, rights, obligations, and legal consequences come into existence only at the point when the Food Safety and Inspection Service approves or denies a particular label application. *See Cobell v. Kempthorne*, 455 F.3d 301, 307 (D.C. Cir. 2006); *Nat'l Immigr. Project of the Nat'l Lawyers Guild v. Exec. Office of Immigr. Review*, 456 F. Supp. 3d 16, 31 (D.D.C. 2020) (Nichols, J.).

For these reasons, the Department respectfully requests that the Court schedule a pre-motion conference.

---

[3] For the same reasons, the Fund cannot assert associational standing.

- 5 -

Dated: June 9, 2025                     Respectfully submitted,

                                             JEANINE FERRIS PIRRO
                                             United States Attorney

By:     */s/ Dimitar P. Georgiev*
       DIMITAR P. GEORGIEV, D.C. BAR #1735756
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 815 – 8654

*Attorneys for the United States of America*